**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **RICHARD DeLOATCH, III**, Administrator of the Estate of Sean DeLoatch, | : : | CIVIL ACTION |
| Plaintiff, | : | No. 2:22-cv-01521-JFM |
| v. | : | |
| | : | JURY DEMANDED |
| **CITY OF PHILADELHIA**, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ANSWER OF DEFENDANTS, CITY OF PHILADELPHIA
AND BRUCE HERDMAN, TO THE PLAINTIFF'S AMENDED COMPLAINT**

COME NOW, Answering Defendants, City of Philadelphia and Bruce Herdman, by and through their counsel, Matthew Kevin Hubbard, and as and for their Answer to the Plaintiffs Complaint in the above captioned case state as follows:

**PARTIES**

1.    Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the corresponding paragraph of the Plaintiff's Complaint.

2.    Admitted.

3-4.    Denied. The allegations contained in the corresponding paragraphs of the Plaintiff's Amended Complaint are directed at parties other than the Answering Defendant and no response is required.

5.    Denied.  Bruce Herdman is the Chief of Medical Operations at the Philadelphia Department of Prisons ("PDP") and is not a physician.

6-11.   Denied. The allegations contained in the corresponding paragraphs of the Plaintiff's Amended Complaint are directed at parties other than the Answering Defendants and no response is required.

12-13.   Denied. The allegations contained in the corresponding paragraphs of the Plaintiff's Amended Complaint are directed at fictitious persons and no response is required.

14.    Denied. The allegations of the corresponding paragraph of the Plaintiff's Amended Complaint contain conclusions of law which are deemed denied and no response is required or provided. Strict proof thereof is demanded at the time of trial.

## JURISDICTION  AND VENUE

15-17. Denied. The allegations of the corresponding paragraphs of the Plaintiff's Amended Complaint contain conclusions of law which are deemed denied and no response is required or provided. Strict proof thereof is demanded at the time of trial.

## FACTUAL BACKGROUND

18.    The Answering Defendants incorporate by reference the foregoing paragraphs as fully as if set forth at herein at length.

19.    Denied as stated. To the contrary, the contract for the provision of medical services between the City of Philadelphia and Corizon Health, Inc. was first executed several years ago and has been renewed from time to time since then, without interruption.

20.    Denied. The allegations of the corresponding paragraph of the Plaintiffs Complaint contain conclusions of law which are deemed denied and no response is required or provided. Strict proof thereof is demanded at the time of trial.

21.    Denied. To the contrary, it is believed that the Plaintiff 's decedent was detained on April 24, 2020.

22.     Denied. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the corresponding paragraphs of the Plaintiff's Amended Complaint.

23.     Admitted upon information and belief.

24.     Admitted.

25.     Admitted.

26.     Denied. To the extent that this allegation is deemed to suggest that the Plaintiff underwent amputation surgery at a time recent to his incarceration, it is denied, insofar as the records reveal that the aforementioned surgery occurred in January, 2019.

27.     Admitted.

27-30. Denied. The allegations contained in the corresponding paragraphs of the Plaintiff's Amended Complaint are directed at parties other than the Answering Defendants and no response is required.

31.  Denied. The allegations contained in the corresponding paragraph are factually inaccurate.

32-33.  Denied. To the extent that the items mentioned in the corresponding paragraphs would be in writing and part of the Plaintiff's medical and corrections files, any such items would be found therein and would speak for themselves. The Answering Defendants expressly and specifically deny any attempt by the Plaintiff to characterize or define said writings without production thereof.

34-35. Denied. The allegations contained in the corresponding paragraphs are factually inaccurate.

36.  Denied. To the contrary, not only was the Plaintiff's decedent's diabetic condition the subject of examination, it was the subject of treatment, specifically, the placement of the Plaintiff's decedent into the chronic care program operated by the healthcare provider.

37.     Denied. To the contrary, from the time of the Plaintiff's decedent's incarceration on April 24, 2020, and the time of his discharge on June 16, 2020 (a total of 53 days), the medical records created and maintained by Corizon reveal that the Plaintiff had 28 encounters with the medical staff. Such utilization of prison medical services could not have been experienced by the Plaintiff's decedent had the medical providers either ignored or dismissed his complaint in a cursory fashion.

38.     Denied. The allegations contained in the corresponding paragraph is factually inaccurate.

39-44. Denied. The allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint are directed at parties other than the Answering Defendants and no response is required.

45.  Denied.  On the contrary, the Plaintiff's decedent was discharged from incarceration on June 16, 2020.

46.   Admitted in part. Denied in part. To the extent that the corresponding paragraph of the Plaintiff's Amended Complaint alleges that he saw a physician days after July 21, 2020, it is admitted insofar as records from such a physician will document such. To the extent that this paragraph alleges that any such visit by the Plaintiff to a physician took place within days of his release from incarceration, it is denied, since, as outlined above, the Plaintiff was discharged from the prison no later than June 16, 2020.

47-48. Denied. It is expressly and specifically denied that while incarcerated in the Philadelphia Department of Prisons, the Plaintiff's decedent was provided medical care that was substandard and it is denied that the Plaintiff's decedent was denied adequate medical care due to deliberate indifference, recklessness, carelessness, negligence, or any conduct on the part of the Answering Defendants that was in any manner tortious or wrongful. By way of further response, it is expressly

and specifically denied that any medical care received by the Plaintiff's decedent following his incarceration was necessitated in any manner by the conduct of the Answering Defendants.

49.  Denied.  This paragraph contains a conclusion of law to which no response is required.

50. Denied as stated.  Bruce Herdman was the Chief of Medical Operations at the PDP.

51.  Denied as stated. As the Chief of Medical Operations, Defendant Herdman was involved in policy making, but did so upon consultation with others and in keeping with the guidelines promulgated by the National Commission on Correctional Health Care ("NCCHC").

52.  Denied. It is expressly and specifically denied that Defendant Herdman established and maintained deficient policies. By way of further response, in every year of recent history, the Philadelphia Department of Prisons has been certified and accredited by the NCCHC, and its policies and procedures have met all criteria established by that accrediting agency for correctional healthcare.

53.  Denied.  This allegation is denied for the reasons set forth in paragraphs 50-52.

54-56. Denied.  The Answering Defendants incorporate their response to paragraph 52 as fully as if said response were herein set forth at length.

57-80.  Denied.  The allegations in these paragraphs are directed at parties other than Answering Defendants and require no response.

### COUNT I:
### FAILURE TO PROTECT AND DENIAL OF MEDICAL CARE FOURTEENTH AMENDMENT - PURSUANT TO 42 U.S.C. § 1983 PLAINTIFF V. ALL DEFENDANTS

81.  Answering Defendants incorporate by reference the foregoing responses to Plaintiff's factual allegations as fully as if said responses were set forth herein at length.

82-92. Denied for the reasons set forth in the factual content of the responses to the foregoing paragraphs. By way of further response, the Answering Defendants incorporate their response to paragraphs 47-48 as fully as if said response were herein set forth at length.

93.  Denied.  This paragraph contains conclusions of law to which no response is required.

WHEREFORE, Answering Defendants demand that judgement be entered in their favor and against the Plaintiff.

### COUNT II: SUPERVISOR LIABILITY
### FOURTEENTH AMENDMENT - PURSUANT TO 42 U.S.C. § 1983 PLAINTIFF V. DEFENDANT PHILADELPHIA, CORIZON, HERDMAN and DOE

94.  Answering Defendants incorporate by reference the foregoing responses to Plaintiff's factual allegations as fully as if said responses were set forth herein at length.

95-105. Denied for the reasons set forth in the factual content of the responses to the foregoing paragraphs. By way of further response, the Answering Defendants incorporate their response to paragraphs 47-48 as fully as if said response were herein set forth at length.

106-107.  Denied for the reasons set forth in the factual content of the responses to the foregoing paragraphs. By way of further response, these paragraphs contain conclusions of law to which no response is required.

WHEREFORE, Answering Defendants demand that judgement be entered in their favor and against the Plaintiff.

### COUNT III: MUNICIPAL LIABILITY
### FOURTEENTH AMENDMENT - PURSUANT TO 42 U.S.C. § 1983 PLAINTIFF V. DEFENDANT PIDLADELPHIA AND CORIZON

108.  Answering Defendants incorporate by reference the foregoing responses to Plaintiff's factual allegations as fully as if said responses were set forth herein at length.

109-124. Denied for the reasons set forth in the factual content of the responses to the foregoing paragraphs. By way of further response, the Answering Defendants incorporate their response to paragraphs 47-48 as fully as if said response were herein set forth at length.

WHEREFORE, Answering Defendants demand that judgement be entered in their favor and against the Plaintiff.

## COUNT IV:
## FRAUD AND PERSONAL PARTICIPATION IN FRAUDULENT RESTRUCTURING
## PLAINTIFF V. DEFENDANTS LEFKOWITZ, GEFNER, SHOLEY, TIRSCHWELL AND KING

125-134.  The allegations in this Count IV are directed at parties other than Answering Defendants and require no response.

## COUNT V:
## MEDICAL NEGLIGENCE (PENNSYLVANIA LAW) –
## PLAINTIFF V. CORIZON, YESCARE AND INDIVIDUAL MEDICAL PROVIDER DEFENDANTS

135-141.  The allegations in this Count IV are directed at parties other than Answering Defendants and require no response.

## COUNTS VI – VIII

142-165.   The allegations in Counts VI – VII are directed at parties other than Answering Defendants and require no response.

## COUNT IX:
## WRONGFUL DEATH UNDER PENNSYLVANIA LAW
## 42 PA. C.S.A. § 8301
## AGAINST ALL DEFENDANTS

166.  Answering Defendants incorporate by reference the foregoing responses to Plaintiff's factual allegations as fully as if said responses were set forth herein at length.

167-169.   Denied.  These paragraphs contain conclusions of law to which no response is required.

WHEREFORE, Answering Defendants demand that judgement be entered in their favor and against the Plaintiff.

**COUNT X:**
**SURVIVAL ACTION UNDER PENNSYLVANIA LAW**
**42 PA. C.S.A. § 8302**
**AGAINST ALL DEFENDANTS**

170. Answering Defendants incorporate by reference the foregoing responses to Plaintiff's factual allegations as fully as if said responses were set forth herein at length.

171-173. Denied. These paragraphs contain conclusions of law to which no response is required.

WHEREFORE, Answering Defendants demand that judgement be entered in their favor and against the Plaintiff.

**JURY DEMAND**

Answering Defendants hereby demand a trial by jury as to each count asserted against them.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action against Answering Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The underlying injuries to the Plaintiff's decedent were the result of negligence of other parties over whom the Answering Defendants exercised no control.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's decedent received all the substantive and procedural due process due him.

**FOURTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims may be barred by the provisions of the Political Subdivision Tort Claims Act, P.L., 693, 42 Pa. C.S.A. 8541, *et seq.*, or, in the alternative, are subject to all limitations and defenses established therein. The Answering Defendants are entitled to rely on those defenses.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant Herdman acted within the scope of his authority and, therefore, has qualified immunity.

WHEREFORE, Answering Defendants demand that judgement be entered in their favor and against the Plaintiff.

**CROSSCLAIMS AGAINST CORIZON, YESCARE AND THEIR EMPLOYEES**

1. The answering defendants incorporate herein by reference the allegations of Plaintiff's Complaint as amended without adoption thereof, but solely for the purposes of these crossclaims as though set forth at length.

2. At all times relevant to this civil action, Corizon and its successor YesCare provided medical health services to persons incarcerated or detained in the Philadelphia Department of Prisons ("PDP") pursuant to contracts for services with the City of Philadelphia.

3. At all times relevant to this civil action, all the named individual Corizon/YesCare individual medical defendants acted within the course and scope of their employment as an employee of Corizon.

4. Pursuant to the terms of the contract for services, Corizon and its successor YesCare is under a duty to hold harmless and indemnify the City of Philadelphia, its officials, agents, servants, and/or employees for any claim arising from the provision of services thereunder by Corizon/YesCare, its agents, servants, workmen and/or employees.

5. If the damages alleged in Plaintiff's Complaint as amended were sustained as a result of any negligence, carelessness or other liability-producing conduct of the City, either as alleged in the Complaint or in any other manner of which Plaintiff is entitled to recovery, which is specifically denied, then the damages of Plaintiff are due solely to the negligence, carelessness and/or breach of contractual or other duties and obligations and other liabililty-producing conduct

of the defendants, Corizon, YesCare, their agents, servants, workmen, and employees, and said parties are solely liable to Plaintiff for any injuries or damages sustained.

6. The said parties are liable to the City by way of contribution, indemnity and/or apportionment, or otherwise, for the full amount of or a part of the amount of any sums that may be adjudged against the City in this action, any liability of the City to Plaintiff or any other persons or parties being expressly denied.

WHEREFORE, the City of Philadelphia denies liability to any and all parties and demands judgment in its favor, together with costs. Further, the City alleges that the defendants, Corizon, YesCare, and the named individual employees thereof, may be solely liable to the plaintiff for any damages sustained, or jointly and severally liable with the City. Further, if the City is found at time of trial to be liable to Plaintiff, then the City alleges that the defendants, Corizon, YesCare and the named individual employees thereof, are jointly and severally liable with the City and/or may be liable to the City for contribution, indemnification and/or apportionment.

Respectfully submitted:

Date:  June 2, 2026

*Matthew K. Hubbard*

**MATTHEW KEVIN HUBBARD**
Senior Attorney

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date, the foregoing Answer with Affirmative Defenses and Crossclaims to Plaintiff's Amended Complaint was electronically filed and is available for viewing and downloading via the Court's ECF system to all counsel of record.

Dated:  June 2, 2026

*Matthew K. Hubbard*
MATTHEW KEVIN HUBBARD
Senior Attorney
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 900-2304 (cell)
(215) 683-5397 (fax)
matthew.hubbard@phila.gov