**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RICHARD DeLOATCH, III,
ADMINISTRATOR OF THE ESTATE
OF SEAN DeLOATCH,

Plaintiff,

v.

CITY OF PHILADELPHIA, et al.,

Defendants.

CIVIL ACTION

No. 2:22-cv-01521-JFM

JURY TRIAL DEMANDED

# PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS KING, LEFKOWITZ, SHOLEY, AND TIRSCHWELL, JOINED BY DEFENDANT GEFNER

Respectfully submitted,

/s/ Brian J. Zeiger
Brian J. Zeiger, Esquire
Identification No.: 87063
LEVIN & ZEIGER LLP
Two Penn Center
1500 JFK Boulevard, Suite 620
Philadelphia, PA 19102
(215) 825-5183
zeiger@levinzeiger.com
Counsel for Plaintiff

# TABLE OF AUTHORITIES

Page(s)

Cases

*Accurso v. Infra-Red Services, Inc.*,
23 F. Supp. 3d 494 (E.D. Pa. 2014) ........ 16, 17, 19
*Artesanias Hacienda Real S.A. de C.V. v. N. Mill Capital LLC (In re Wilton Armetale, Inc.)*,
968 F.3d 273 (3d Cir. 2020) ........ 9, 10, 11, 19
at page 269 ........ 11
*Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*,
296 F.3d 164 (3d Cir. 2002) ........ 11
*Bowers v. NETI Techs., Inc.*,
690 F. Supp. 349 (E.D. Pa. 1988) ........ 13
*Brindley v. Woodland Vill. Rest., Inc.*,
652 A.2d 865 (Pa. Super. 1995) ........ 14
*Brookworth Partners, L.P. v. Frankford Machine, Inc.*,
2017 WL 4269031 (Pa. Super. Sept. 26, 2017) ........ 16
*Calder v. Jones*,
465 U.S. 783 (1984) ........ 12
*Connelly v. Lane Constr. Corp.*,
809 F.3d 780 (3d Cir. 2016) ........ 7, 17
*Constitution Party of Pa. v. Aichele*,
757 F.3d 347 (3d Cir. 2014) ........ 7, 8
*Craftmatic Sec. Litig. v. Kraftsow*,
890 F.2d 628 (3d Cir. 1989) ........ 16
*Davis v. Wells Fargo*,
824 F.3d 333 (3d Cir. 2016) ........ 7, 8
*Donsco, Inc. v. Casper Corp.*,
587 F.2d 602 (3d Cir. 1978) ........ 14
*Dundon v. Lefkowitz*, Adv.,
Proc. No. 26-03138 (CML) ........ 10
*Elbeco Inc. v. Estrella de Plato, Corp.*,
989 F. Supp. 669 (E.D. Pa. 1997) ........ 13
*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) ........ 7
*Gould Elecs. Inc. v. United States*,
220 F.3d 169 (3d Cir. 2000) ........ 8
*Grayson v. Mayview State Hosp.*,
293 F.3d 103 (3d Cir. 2002) ........ 19
*Hasson v. FullStory, Inc.*,
114 F.4th 181 (3d Cir. 2024) ........ 13
*IMO Indus., Inc. v. Kiekert AG*,
155 F.3d 254 (3d Cir. 1998) ........ 12
*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) ........ 15

*In re Emoral, Inc.*,
740 F.3d 875 (3d Cir. 2014) .......... 9
*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
311 F.3d 198 (3d Cir. 2002) .......... 15, 16
*In re Whittaker Clark & Daniels, Inc.*,
176 F.4th 241 (3d Cir. 2026) .......... 9
*JoAnn Inc. v. Advantus Corp. (In re JoAnn Inc.)*
25-51022 (CTG), 25-52463 (CTG), 2026 WL 1699191 (Bankr. D. Del. June 11, 2026).......... 10
*John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*,
119 F.3d 1070 (3d Cir. 1997) .......... 17
*Lumax Indus., Inc. v. Aultman*,
669 A.2d 893 (Pa. 1995).......... 17
*Marshall v. Fenstermacher*,
388 F. Supp. 2d 536 (E.D. Pa. 2005).......... 16
*Metcalfe v. Renaissance Marine, Inc.*,
566 F.3d 324 (3d Cir. 2009) .......... 8
*Miller Yacht Sales, Inc. v. Smith*,
384 F.3d 93 (3d Cir. 2004) .......... 8
*Mortensen v. First Federal Savings & Loan Association*,
549 F.2d 884 (3d Cir. 1977) .......... 8
*Mortimer v. McCool*,
255 A.3d 261 (Pa. 2021).......... 17
*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) .......... 12
*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008) .......... 19
*Potter v. Cozen & O'Connor*,
46 F.4th 148 (3d Cir. 2022) .......... 9
*Schmidt v. Skolas*,
770 F.3d 241 (3d Cir. 2014) .......... 18
*Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*,
742 F.2d 786 (3d Cir. 1984) .......... 15
*TJS Brokerage & Co. v. Mahoney*,
940 F. Supp. 784 (E.D. Pa. 1996).......... 13
*Toys "R" Us, Inc. v. Step Two, S.A.*,
318 F.3d 446 (3d Cir. 2003) .......... 14
*Walden v. Fiore*,
571 U.S. 277 (2014) .......... 13
*Wicks v. Milzoco Builders, Inc.*,
470 A.2d 86 (Pa. 1983).......... 14
*Xtreme Caged Combat v. Zarro*,
2021 WL 731505 (Pa. Super. 2021) .......... 16

Statutes

12 Pa. C.S. § 5104(b) .......... 15

12 Pa. C.S. § 5108(b)(1)(i) .......... 15
12 Pa. C.S. § 5109(1) .......... 18
42 Pa. C.S. § 5524 .......... 17
section 5104(a)(1) .......... 16, 18

Rules

Pa. R.A.P. 126(b) .......... 16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD DeLOATCH, III,<br>ADMINISTRATOR OF THE ESTATE<br>OF SEAN DeLOATCH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>Defendants. | CIVIL ACTION<br>No. 2:22-cv-01521-JFM<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS KING, LEFKOWITZ, SHOLEY, AND TIRSCHWELL, JOINED BY DEFENDANT GEFNER**

Plaintiff Richard DeLoatch, III, Administrator of the Estate of Sean DeLoatch, by and through undersigned counsel, responds in opposition to the Motion to Dismiss filed by Defendants Jeffrey King, Isaac Lefkowitz, Frank Sholey, and Sara Tirschwell (ECF No. 83), joined by Defendant David Gefner, and states as follows:

1. The Motion should be denied. The reasons are set forth at length in the accompanying Memorandum of Law, which is incorporated as if fully set forth herein.

2. Denied. Defendants filed the Motion before answering and submitted no evidence controverting the Second Amended Complaint. The Motion is therefore a facial challenge, and the allegations of the Second Amended Complaint are accepted as true.

3. Denied. Plaintiff has standing to assert Counts IV and VII. Those counts allege a particularized injury to Mr. DeLoatch, inflicted intentionally and traceable directly to the conduct of the moving Defendants. They are not claims for injury to a debtor corporation

that reached creditors secondarily, and they are therefore not property of any bankruptcy estate.

4. Denied. The Tehum Care Services Chapter 11 Plan on which Defendants rely terminated its own releases, injunctions, and stays as of March 5, 2026, when the Settlement Parties defaulted, and expressly authorized holders of channeled claims to commence causes of action against the Released Parties. Plaintiff commenced within that window.

5. Denied. This Court has personal jurisdiction over the moving Defendants. They are alleged to have directed a transaction that took a Philadelphia municipal contract for the surviving entity and consigned this pending Pennsylvania action to an entity they knew could not satisfy it. At a minimum, Plaintiff is entitled to jurisdictional discovery.

6. Denied. Count IV is pled with the particularity Rule 9(b) requires. It identifies the agreements, the dates, the signatories, the accounts, and the amounts.

7. Denied. Count VII pleads each of the factors Pennsylvania courts consider in determining whether to disregard a corporate form, and pleads the personal participation of each moving Defendant.

8. Denied. The statute of limitations argument appears only in a footnote, is therefore waived, and in any event does not appear on the face of the pleading.

9. Denied. Defendant Gefner's single line joinder does not carry a movant's burden as to him. He is separately represented, and the Motion does not address the allegations directed at him.

**WHEREFORE**, Plaintiff respectfully requests that the Court deny the Motion to Dismiss in its entirety. In the alternative, Plaintiff requests leave to amend and that any dismissal be entered without prejudice.

Respectfully submitted,

/s/ Brian J. Zeiger
Brian J. Zeiger, Esquire
Identification No.: 87063
LEVIN & ZEIGER LLP
Two Penn Center
1500 JFK Boulevard, Suite 620
Philadelphia, PA 19102
(215) 825-5183
zeiger@levinzeiger.com
Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RICHARD DeLOATCH, III,<br>ADMINISTRATOR OF THE ESTATE<br>OF SEAN DeLOATCH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>Defendants. | CIVIL ACTION<br>No. 2:22-cv-01521-JFM<br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS KING, LEFKOWITZ, SHOLEY, AND TIRSCHWELL, JOINED BY DEFENDANT GEFNER**

## I. INTRODUCTION

Sean DeLoatch was a diabetic pretrial detainee at the Curran Fromhold Correctional Facility. He submitted at least eleven written requests for care for an infected foot, was seen repeatedly by providers who never examined it, lost his leg, and died. ECF No. 68 at ¶¶ 31 to 49. This action was filed in this District in April 2022. One month later, in May 2022, the Individual Restructuring Defendants executed the divisive merger that moved Corizon Health, Inc.'s operating business, including the Philadelphia Prison System medical contract under which Mr. DeLoatch was injured, into YesCare Corp., and assigned this lawsuit, together with approximately $1.2 billion in other tort liabilities, to a newly created entity holding roughly $1 million in cash. ECF No. 68 at ¶¶ 19, 57 to 59, 78, 144, 145.

Counts IV and VII allege that the five individuals who designed and executed that transaction did so with the specific intent to deprive Mr. DeLoatch and claimants like him of any ability to recover for injuries Corizon inflicted. ECF No. 68 at ¶¶ 126 to 134, 149 to 159. Defendants respond that this Court cannot reach them, that the claim is not Plaintiff's to bring, and

that the pleading lacks particularity. Each argument fails, and several are foreclosed by the very authorities Defendants cite.

First, the Motion is a facial attack. Defendants moved before answering and offered no competing evidence, so the allegations of the Second Amended Complaint control. Second, Plaintiff has standing. Under the Third Circuit's framework, a claim belongs to a bankruptcy estate only where the injury runs to the debtor corporation and reaches creditors secondarily. Count IV alleges the opposite, a particularized injury to Mr. DeLoatch's own pending claim, inflicted deliberately, and traceable directly to these individuals. Third, and independently, the Tehum Plan on which Defendants rely terminated its own releases when the Settlement Parties defaulted, and by its terms authorized claimants to sue the Released Parties. Defendants cannot invoke the Plan as a shield while ignoring the provision that removed it. Fourth, this Court has personal jurisdiction over individuals who took a Pennsylvania municipal contract and left a pending Pennsylvania lawsuit in an insolvent shell; and, at a minimum, Plaintiff is entitled to jurisdictional discovery. Fifth, Counts IV and VII are adequately pled. The Motion should be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On or about April 23, 2020, the City of Philadelphia contracted with Corizon to provide health care to detainees in the Philadelphia Prison System. ECF No. 68 at ¶ 19. Mr. DeLoatch, a diabetic who had already lost part of his right foot, was detained the same day. ECF No. 68 at ¶¶ 21 to 26. Over the next three months he filed grievances and at least eleven handwritten medical requests and was seen by seventeen providers whose notes document no foot examination across a period of more than five weeks. ECF No. 68 at ¶¶ 32 to 44. He was released on or about July 21, 2020, his right leg was amputated, and he died on January 22, 2024. ECF No. 68 at ¶¶ 45 to 49.

In May 2022, Corizon reincorporated in Texas and executed a divisive merger. (*also known as the Texas Two Step*) ECF No. 68 at ¶ 57. YesCare received Corizon's active contracts, representing approximately $200 million in annual government contracts, its operational infrastructure, its management personnel, and its ongoing business. ECF No. 68 at ¶ 58. Tehum Care Services was created and assigned approximately $1.2 billion in liabilities, including all pending litigation. ECF No. 68 at ¶ 59. The Second Amended Complaint alleges that Lefkowitz recommended the strategy, controlled the lender entity through which approximately $24.5 million moved, and personally caused the Debtor to enter a consulting agreement on December 8, 2021, through which $5.5 million was taken; that Gefner controlled the entity that acquired the Debtor's parent and the bank accounts from which $23.3 million was transferred, and served simultaneously as a Tehum director and YesCare's president; that Sholey, Corizon's chief financial officer, executed the transfers and became YesCare's chief executive officer; that Tirschwell served as chief executive officer of both entities; and that King, chief legal officer of both entities, structured, reviewed, and approved the legal mechanics of the transaction. ECF No. 68 at ¶¶ 63 to 67, 128 to 132.

Tehum filed for Chapter 11 in the Southern District of Texas in February 2023, and a plan was confirmed on March 3, 2025. ECF No. 68 at ¶¶ 60, 72. The Plan conditioned its releases and injunctions on the Settlement Parties' timely payment. ECF No. 68 at ¶ 72. A payment of $2,012,022.75 came due on or about February 17, 2026, and was not made; the Trusts filed a Notice of Failure to Cure; the cure period lapsed; and as of March 5, 2026, under Articles IV.B.2 and IX.I.5, all plan injunctions, stays, and releases automatically terminated. ECF No. 68 at ¶¶ 73 to 75. Article IX.I.6 gave holders of channeled claims ninety business days, through June 3, 2026, to commence causes of action against the Released Parties. ECF No. 68 at ¶ 76.

Plaintiff moved for leave to amend on April 13, 2026, and filed the Second Amended Complaint on April 20, 2026. ECF Nos. 63, 68. On June 2, 2026, the parties stipulated to dismiss Counts I, IX, and X without prejudice as to Lefkowitz, Gefner, Sholey, and King. ECF No. 73. Defendants represent that Plaintiff subsequently agreed to the same as to Tirschwell. ECF No. 83 at 1 n.2. Counts IV and VII remain.

YesCare filed its own Chapter 11 petition on May 8, 2026, in the Middle District of Florida. ECF No. 75. Plaintiff moved to sever the claims against YesCare so that the balance of the case could proceed. ECF No. 80. On July 24, 2026, the Court ordered the parties to show cause why the Individual Restructuring Defendants should not also be severed. ECF No. 82. On July 31, 2026, Defendants King, Lefkowitz, Sholey, and Tirschwell filed both a response to that order, ECF No. 84, and the present Motion, ECF No. 83. Defendant Gefner joined the Motion in a single line filing.

## III. LEGAL STANDARD

On a motion under Rule 12(b)(6), the Court accepts well pleaded factual allegations as true and asks whether they state a plausible claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Plausibility is not probability, and a plaintiff need not plead facts establishing a prima facie case; it is enough to raise a reasonable expectation that discovery will reveal evidence of the elements. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788, 789 (3d Cir. 2016).

A challenge under Rule 12(b)(1) is facial or factual. A challenge becomes factual only once the movant has controverted the pleading, whether by answer or by presenting competing facts. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014); *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). On a facial challenge the Court considers only the complaint and the

documents it references, in the light most favorable to the plaintiff. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

On a challenge to personal jurisdiction, the plaintiff need only establish a prima facie case; the plaintiff's allegations are taken as true and factual disputes are drawn in the plaintiff's favor. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

## IV. ARGUMENT

### A. The Motion Is a Facial Attack, and the Allegations of the Second Amended Complaint Must Be Accepted as True.

Defendants invoke *Mortensen v. First Federal Savings & Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977), for the proposition that the Court may weigh evidence and afford the pleading no presumption of truthfulness. ECF No. 83 at 4, 5. That standard governs a factual attack only. A Rule 12(b)(1) challenge is factual once the movant has controverted the complaint's allegations by answer or by presenting competing facts. *Aichele*, 757 F.3d at 358; *Davis*, 824 F.3d at 346. Defendants have not answered and have submitted no evidence. Their Motion is a facial attack, and the Court considers the Second Amended Complaint and the documents it references in the light most favorable to Plaintiff. *Gould*, 220 F.3d at 176. The Court should also decline the implicit invitation to resolve, on the pleadings, the contested merits question of who can bring Count IV. *Davis*, 824 F.3d at 349.

### B. Plaintiff Has Standing to Pursue Counts IV and VII.

#### *1. The question is one of merits, not of subject matter jurisdiction.*

Defendants concede the point in a footnote. ECF No. 83 at 8 n.8. The Third Circuit has held that the statutory limits on a creditor's authority to pursue a claim exceed the elements of Article III standing, do not affect constitutional jurisdiction, and bear only on whether the plaintiff has a claim on the merits. *Artesanias Hacienda Real S.A. de C.V. v. N. Mill Capital LLC (In re Wilton Armetale, Inc.)*, 968 F.3d 273, 279, 281 (3d Cir. 2020). Defendants' own authority says the same. *Potter v. Cozen & O'Connor*, 46 F.4th 148, 151 (3d Cir. 2022). Dismissal under Rule 12(b)(1) is therefore unavailable, and the argument must be measured against the face of the pleading.

#### *2. A claim belongs to an estate only where the injury runs first to the debtor.*

The controlling test asks whether the injury alleged is particularized to the individual creditor and directly traceable to the defendant's conduct, or is instead an injury to the debtor corporation that harmed all creditors secondarily. *In re Whittaker Clark & Daniels, Inc.*, 176 F.4th 241, 269 (3d Cir. 2026); *Wilton Armetale*, 968 F.3d at 283; *In re Emoral, Inc.*, 740 F.3d 875, 879, 880 (3d Cir. 2014). *Emoral* and *Whittaker Clark* each involved successor liability theories, claims that any creditor of the debtor could assert on identical facts and that depend on nothing personal to the claimant. *Emoral*, 740 F.3d at 881; *Whittaker Clark*, 176 F.4th at 269. Neither holds that every claim arising out of a restructuring belongs to an estate.

#### *3. Count IV pleads a particularized injury to Mr. DeLoatch.*

Count IV does not allege that Corizon was harmed. It alleges that Corizon's own insiders transferred Corizon's operating business to a company those same insiders controlled, and in the

same stroke consigned Mr. DeLoatch's already pending lawsuit to a shell they knew could not pay it. ECF No. 68 at ¶¶ 57 to 59, 126, 133. The injury is the destruction of Mr. DeLoatch's ability to collect on his own tort claim. It is his injury, it is measured by his damages, and it is traceable directly to the five individuals named. It is not an injury to Corizon at all, because Corizon received precisely the outcome its controlling insiders designed.

Applying *Whittaker Clark*, the bankruptcy court recently held that vendor fraud claims are not property of the estate because each claimant must prove its own reliance, an inquiry personal to the claimant. *JoAnn Inc. v. Advantus Corp. (In re JoAnn Inc.)*, Adv. Nos. 25-51022 (CTG), 25-52463 (CTG), 2026 WL 1699191 (Bankr. D. Del. June 11, 2026). The same reasoning governs here. Whether these Defendants acted with the specific intent to defeat Mr. DeLoatch's recovery, and what that recovery was worth, are questions that turn on his claim, not on a generalized diminution of a debtor's balance sheet.

***4. The Trusts' avoidance action does not displace Plaintiff.***

Defendants point to *Dundon v. Lefkowitz*, Adv. Proc. No. 26-03138 (CML) (Bankr. S.D. Tex.). ECF No. 83 at 9, 12. That proceeding seeks avoidance and recovery of transfers for the benefit of the estate. The case at bar is different. A trustee's avoidance action to restore assets to an estate and a tort claimant's action for intentional conduct aimed at his own recovery are different claims seeking different relief for different injuries. *Wilton Armetale*, 968 F.3d at 283. That two proceedings arise from one transaction does not make them one claim.

***5. The Tehum Plan terminated its own releases and authorized this suit.***

Defendants quote Article I ¶¶ 77 and 177 and Article IV of the Plan. ECF No. 83 at 10, 11. They do not mention Articles IV.B.2, IX.I.5, and IX.I.6. Under those provisions the releases, injunctions, and stays were conditioned on the Settlement Parties' timely payment; the Settlement

Parties failed to pay; the cure period lapsed; all plan injunctions, stays, and releases automatically terminated as of March 5, 2026; and holders of channeled claims were given ninety business days, through June 3, 2026, to commence causes of action against the Released Parties. ECF No. 68 at ¶¶ 72 to 76. Plaintiff commenced within that window.

Defendants cannot rely on the Plan for the proposition that Plaintiff's claim was transferred away while ignoring the provision under which the Plan handed the right to sue back. Paragraph 177, which Defendants quote, addresses what becomes of Released Estate Causes of Action upon a Settlement Payment Default. It says nothing about the separate authorization Article IX.I.6 confers on channeled claimants to proceed against the Released Parties directly. Nothing in the Plan permits Defendants to retain the benefit of a settlement they never funded.

***6. The YesCare estate argument is circular.***

Defendants argue in the alternative that because the Second Amended Complaint alleges that YesCare and these individuals operated as a single enterprise, the claim must belong to YesCare's estate. ECF No. 83 at 11. That reasoning would make every alter ego claim the exclusive property of the alleged alter ego. Section 541 reaches interests of the debtor in property as of the commencement of the case. A tort claimant's claim against individuals who allegedly stripped assets for their own benefit is not an interest of the transferee in property; on Plaintiff's allegations YesCare is the beneficiary of the conduct, not its victim. Defendants' own authorities confirm that an estate owns only what the debtor itself could have asserted. *Wilton Armetale*, 968 F.3d at 282; *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 (3d Cir. 2002). Defendants also read *Whittaker Clark* as holding that alter ego claims are estate property. ECF No. 83 at 12. It does not. The holding at page 269 concerns product line successor liability.

## C. This Court Has Personal Jurisdiction Over the Individual Restructuring Defendants.

### *1. The effects test is satisfied.*

Specific jurisdiction requires purposeful direction at the forum, claims arising out of or relating to those contacts, and consistency with fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). For intentional torts, jurisdiction lies where the defendant committed an intentional tort, the plaintiff felt the brunt of the harm in the forum, and the defendant expressly aimed the conduct at the forum. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265, 266 (3d Cir. 1998); *Calder v. Jones*, 465 U.S. 783, 789, 790 (1984).

Each element is pled in matter *sub judice*. The tort is intentional in that the Defendants are alleged to have acted willfully and with the specific intent to deprive Plaintiff and similarly situated claimants of the ability to recover for injuries caused by Corizon's deliberate indifference. ECF No. 68 at ¶ 133. The brunt of the harm fell here because the claim that was destroyed was a Pennsylvania claim, held by a Pennsylvania estate, arising from care delivered in a Philadelphia jail. And the conduct was aimed here in Pennsylvania. The assets moved to YesCare were Corizon's active correctional healthcare contracts, which included the Philadelphia Prison System contract of April 23, 2020, under which Mr. DeLoatch was injured. ECF No. 68 at ¶¶ 19, 58, 144. The liabilities consigned to the shell were all pending litigation, which in May 2022 included this case, filed in this District the month before. ECF No. 68 at ¶ 59. Defendants did not merely happen to injure a forum resident. They reached into Pennsylvania, took a Pennsylvania municipal contract for the surviving company, and left a Pennsylvania lawsuit behind in an entity with no means to satisfy it.

That distinguishes *Walden v. Fiore*, 571 U.S. 277 (2014). There the defendant's only connection to the forum was that the plaintiffs lived there, and the Court held that the relationship must arise out of contacts the defendant himself creates. *Id.* at 284, 285. Here the forum connection is a contract and a lawsuit, not Plaintiff's residence. *Hasson v. FullStory, Inc.*, 114 F.4th 181 (3d Cir. 2024), is likewise inapposite. The claims there did not arise out of the defendant's Pennsylvania operations. *Id.* at 193. Count IV arises directly out of the disposition of the Pennsylvania contract and the Pennsylvania lawsuit.

***2. Corporate office is not immunity.***

Defendants argue that contacts attributable to Corizon or YesCare cannot be imputed to them. ECF No. 83 at 7 n.7. Plaintiff did not ask this Court to impute anything. Plaintiff alleges these Defendants' own conduct. The authority Defendants cite recognizes the distinction because jurisdiction over a corporate officer turns on the officer's role in the corporate structure, the quality of the officer's contacts, and the extent and nature of the officer's participation in the alleged tortious conduct. *Elbeco Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 676 (E.D. Pa. 1997); *Bowers v. NETI Techs., Inc.*, 690 F. Supp. 349, 357 (E.D. Pa. 1988); *TJS Brokerage & Co. v. Mahoney*, 940 F. Supp. 784, 789 (E.D. Pa. 1996). Under that test, the Second Amended Complaint alleges that Lefkowitz personally signed the consulting agreement and personally directed the transfers, ECF No. 68 at ¶ 63; that Sholey personally executed them, ECF No. 68 at ¶ 130; that King personally structured, reviewed, and approved the legal mechanics of the divisive merger, ECF No. 68 at ¶¶ 67, 132; that Gefner personally controlled the accounts through which the money moved while sitting on both sides of the transaction, ECF No. 68 at ¶¶ 64, 129; and that Tirschwell held ultimate executive authority over both entities throughout, ECF No. 68 at ¶¶ 66, 131.

#### 3. *At a minimum, jurisdictional discovery is warranted.*

If the Court concludes the present record is insufficient, the remedy is discovery rather than dismissal. Where a plaintiff's jurisdictional claim is not clearly frivolous, jurisdictional discovery should be allowed. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). Every fact bearing on where these Defendants directed their conduct, including what they knew about the Philadelphia contract and about this lawsuit when they allocated assets and liabilities, is in their possession and in the bankruptcy record.

### D. Count IV States a Claim.

#### 1. *Pennsylvania imposes personal liability on officers who participate in the tort.*

A corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort. *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978). Pennsylvania distinguishes liability for individual participation in a wrongful act from liability imposed by disregarding a sham corporation, and imposes the former on the participant as an actor rather than as an owner. *Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 89, 90 (Pa. 1983); *Brindley v. Woodland Vill. Rest., Inc.*, 652 A.2d 865, 867 (Pa. Super. 1995). Count IV is captioned Fraud and Personal Participation in Fraudulent Restructuring and pleads precisely that theory. ECF No. 68 at ¶¶ 126 to 134. Defendants' argument that they acted only in corporate capacities is not a defense to it.

#### 2. *Voidable transfer liability is not confined to debtors and transferees.*

Defendants argue that the Pennsylvania Uniform Voidable Transactions Act reaches only debtors and transferees. ECF No. 83 at 14. The statute provides otherwise, judgment may be recovered against the first transferee of the asset or the person for whose benefit the transfer was

made. 12 Pa. C.S. § 5108(b)(1)(i). Whether each Defendant falls within that provision is a fact question. The pleading alleges that Lefkowitz was one of only two directors of the entity through which approximately $24.5 million moved and orchestrated the arrangement through which $5.5 million was taken, ECF No. 68 at ¶¶ 63, 128; that individuals affiliated with Gefner's Perigrove were the sole signatories on the accounts from which $23.3 million was transferred, ECF No. 68 at ¶¶ 64, 129; and that Sholey obtained the chief executive position at the entity that received the operating business, ECF No. 68 at ¶¶ 65, 130. The Act also supplies the badges of fraud on which Plaintiff relies, including transfer to an insider, retention of control, the pendency of suit, transfer of substantially all assets, and insolvency. 12 Pa. C.S. § 5104(b).

***3. Rule 9(b) is satisfied.***

Rule 9(b) requires notice of the precise misconduct charged. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997). A plaintiff satisfies it by pleading date, place, or time, or by any alternative means that injects precision and some measure of substantiation. *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984); *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). The Second Amended Complaint pleads the December 8, 2021 consulting agreement and the capacity in which Lefkowitz signed it; the person who directed the transfers and the officers who executed them; four categories of transfers with amounts, being approximately $24.5 million to M2 LoanCo, approximately $5.5 million to Geneva Consulting, $956,707 to AmerisourceBergen, and the divisive merger itself as a constructive fraudulent transfer; the accounts used and who controlled them; the May 2022 divisive merger; and the February 2023 petition. ECF No. 68 at ¶¶ 63, 64, 68 to 71, 80. That is more precision than Rule 9(b) demands. To the extent greater detail rests in Defendants' own files,

the requirement is relaxed. *Rockefeller*, 311 F.3d at 216; *Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989).

#### *4. Reliance is not an element of the claim Plaintiff pleads.*

Defendants argue that Count IV fails because it alleges no misrepresentation to Mr. DeLoatch and no reliance by him. ECF No. 83 at 15. That argument answers a claim Plaintiff has not brought. A claim under section 5104(a)(1) requires actual intent to hinder, delay, or defraud a creditor; it requires no misrepresentation to the creditor and no reliance by the creditor. Neither does the participation theory, which imposes liability for the tort actually committed. *Marshall v. Fenstermacher*, 388 F. Supp. 2d 536 (E.D. Pa. 2005), on which Defendants rely, addressed generic allegations of a fraudulent scheme unaccompanied by particulars. This pleading supplies particulars.[1]

### E. Count VII States a Claim.

Defendants first argue that veil piercing is not an independent cause of action. Plaintiff does not quarrel with the proposition, but the argument does not warrant dismissal. In *Accurso v. Infra-Red Services, Inc.*, 23 F. Supp. 3d 494 (E.D. Pa. 2014), the decision Defendants cite, the court explained that on a motion to dismiss it must still examine whether the facts pleaded state a cause of action on a theory of piercing the corporate veil, and it permitted repleading rather than

[1]Plaintiff objects to Defendants' remaining authorities. The Defendants remaining authoritiesare misapplied, do not assist them, and should be stricken. *Brookworth Partners, L.P. v. Frankford Machine, Inc.*, 2017 WL 4269031 (Pa. Super. Sept. 26, 2017), is an unpublished Superior Court memorandum filed before May 1, 2019, which under that court's operating procedures may not be relied upon or cited except in circumstances not present here. See Pa. R.A.P. 126(b) (permitting citation, for persuasive value, of nonprecedential Superior Court decisions filed after May 1, 2019). *Xtreme Caged Combat v. Zarro*, 2021 WL 731505 (Pa. Super. 2021), by Defendants' own description entered a compulsory nonsuit on a trial record, not on the pleadings.

terminating the theory. *Id.* at 510. The caption on Count VII is a matter of form. The theory attaches to the claims that remain, including Count IV and the negligence and vicarious liability counts.

Defendants next argue that the pleading blurs only corporate boundaries and never alleges that an individual treated an entity as a personal instrumentality. ECF No. 83 at 13. It alleges considerably more. Lefkowitz executed a consulting agreement for an entity by styling himself its Interim CEO, and served as one of two directors of a lender that had no employees and kept no email records on its own server. ECF No. 68 at ¶ 63. Gefner sat simultaneously as a director of the entity receiving the liabilities and as president of the entity receiving the assets, and his affiliates were the sole signatories on the accounts from which $23.3 million was transferred while the Debtor's own chief financial officer was denied access. ECF No. 68 at ¶¶ 64, 129. Geneva Consulting and YesCare maintained joint bank accounts. ECF No. 68 at ¶¶ 68, 152. Ownership of Geneva was represented inconsistently in two sets of filings. ECF No. 68 at ¶¶ 71, 154. And the entity left holding the liabilities held about $1 million against $1.2 billion. ECF No. 68 at ¶ 78. Those are the factors Pennsylvania courts weigh, undercapitalization, failure to observe corporate formalities, substantial intermingling of affairs, and use of the corporate form to perpetrate a fraud. *Lumax Indus., Inc. v. Aultman*, 669 A.2d 893, 895 (Pa. 1995); see also *Mortimer v. McCool*, 255 A.3d 261, 286, 287 (Pa. 2021). Whether the showing ultimately succeeds is not a pleading question. *Connelly*, 809 F.3d at 789.

### F. The Limitations Argument Is Waived and, in Any Event, Premature.

Defendants assert in a footnote that any personal capacity claims are time barred under 42 Pa. C.S. § 5524. ECF No. 83 at 1 n.3. Arguments raised in passing, such as in a footnote, and not squarely argued are waived. *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997).

The argument also fails on its own terms. Limitations is an affirmative defense that supports dismissal only where the bar appears on the face of the pleading. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). It does not appear here. A claim under section 5104(a)(1) may be brought within four years of the transfer or, if later, within one year after the transfer was or reasonably could have been discovered. 12 Pa. C.S. § 5109(1). The Second Amended Complaint alleges that the transfers were identified through the Debtor's and the Unsecured Creditors' Committee's investigation in the bankruptcy. ECF No. 68 at ¶¶ 63, 80. The Plan separately tolled and extended the time to commence causes of action against Released Parties through June 3, 2026. ECF No. 68 at ¶ 76. Defendants' footnote asserts that the Plan's tolling provisions came too late because they were not enacted until confirmation. That assumes the answer to a contested question of Plan interpretation, and does so on a record consisting of the pleading alone.

**G. Defendant Gefner's Single Line Joinder Does Not Carry a Movant's Burden.**

Defendant Gefner joined the Motion in a single line filing. He is separately represented, ECF No. 83 at 1 n.1, and the Motion was not drafted for him. Three of its four arguments are defendant specific. The personal jurisdiction analysis turns on each individual's own contacts, and the Motion addresses none of Gefner's. The voidable transfer argument rests on the premise that no Defendant is a transferee or a person for whose benefit a transfer was made, yet Gefner is the Defendant alleged to have controlled the entity that acquired the Debtor's parent, to have controlled the accounts through which $23.3 million moved, and to have sat on both sides of the transaction. ECF No. 68 at ¶¶ 64, 129. The movant bears the burden on a Rule 12 motion. A joinder that adopts arguments written for others, without engaging the allegations directed at the joining party, does not carry it.

### H. In the Alternative, Plaintiff Requests Leave to Amend and That Any Dismissal Be Without Prejudice.

If the Court finds any count deficient, leave to amend should be granted. A district court must permit a curative amendment unless amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Plaintiff has not previously amended in response to a Rule 12 ruling on these counts, and *Accurso* itself allowed repleading of a veil piercing theory. 23 F. Supp. 3d at 510.

If the Court concludes instead that Counts IV and VII presently belong to the Tehum Trusts or to the YesCare estate, any dismissal should be without prejudice. Authority to pursue such a claim reverts to the creditor if the estate representative abandons it. *Wilton Armetale*, 968 F.3d at 284, 285. Both bankruptcies are unresolved, and the Tehum settlement that generated the Trusts was never funded. A dismissal with prejudice would extinguish a claim the Third Circuit has held can revert to the claimant.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion to Dismiss in its entirety. In the alternative, Plaintiff requests leave to amend and that any dismissal be entered without prejudice.

Dated: August 20, 2026

Respectfully submitted,

/s/ Brian J. Zeiger
Brian J. Zeiger, Esquire
Identification No.: 87063
LEVIN & ZEIGER LLP
Two Penn Center

1500 JFK Boulevard, Suite 620
Philadelphia, PA 19102
(215) 825-5183
zeiger@levinzeiger.com
Counsel for Plaintiff

## WORD COUNT CERTIFICATION

I hereby certify that, in accordance with Guideline for Counsel 9, this memorandum contains 6327 words, as calculated by the word count feature of the word processing software used.

Dated: August 20, 2026

Respectfully submitted,

/s/ Brian J. Zeiger
Brian J. Zeiger, Esquire
Identification No.: 87063
LEVIN & ZEIGER LLP
Two Penn Center
1500 JFK Boulevard, Suite 620
Philadelphia, PA 19102
(215) 825-5183
zeiger@levinzeiger.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been filed electronically and is available for viewing and downloading from this Court's ECF system, and that all parties of record will be served by that system.

Dated: August 20, 2026

Respectfully submitted,

/s/ Brian J. Zeiger
Brian J. Zeiger, Esquire
Identification No.: 87063
LEVIN & ZEIGER LLP
Two Penn Center
1500 JFK Boulevard, Suite 620
Philadelphia, PA 19102
(215) 825-5183
zeiger@levinzeiger.com
Counsel for Plaintiff